Conrad C. EUSTACE, Plaintiff,

v.

J. Edward DAY, individually, and as Post-
master General of the United States,
et al., Defendants.

Civ. A. No. 3255–60.

United States District Court
District of Columbia.

Oct. 18, 1961.

———◆———

Dickstein & Shapiro, by Joel J. Rogge,
Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty. for Dis-
trict of Columbia, Washington, D. C., for
defendants.

HOLTZOFF, District Judge.

This is an action for the reinstatement
of an employee of the United States Post
Office Department who was discharged
from his employment on charges and
after a hearing.

The matter is before the Court at this
time on cross-motions for summary judg-
ment. The facts are not in dispute.
Similarly there is no dispute as to wheth-
er the procedural requirements pre-
scribed by statute and regulations have
been complied with. Admittedly this has
been done. The only question is whether
the Postmaster General had the power to
remove the plaintiff on charges of the
type involved in this proceeding.

The charges were that the plaintiff
participated in the public distribution of
certain handbills which, to put it mildly,
were forcefully and acrimoniously criti-
cal of the superior officers of the em-
ployees who were responsible for the
preparation and distribution of the hand-
bills. The charges involved in this case
were sustained not only by the Postmas-
ter General but also by the Civil Service
Commission on appeal.

The two charges on which the plaintiff
was discharged were that his participa-
tion in the demonstration to which refer-
ence has been made was conduct tending
to bring the Post Office Department into
disrepute and that this participation was
conduct unbecoming to a postal employee.

The plaintiff relies on the provisions
of Title 5 U.S.Code Annotated § 652, sub-
section (c) which reads as follows:

"Membership in any society, asso-
ciation, club, or other form of or-
ganization of postal employees not
affiliated with any outside organiza-
tion imposing an obligation or duty
upon them to engage in any strike,
or proposing to assist them in any
strike, against the United States,
having for its objects, among other
things, improvements in the condi-

tion of labor of its members, including hours of labor and compensation therefor and leave of absence, by any person or groups of persons in said postal service, or the presenting by any such person or groups of persons of any grievance or grievances to the Congress or any Member thereof shall not constitute or be cause for reduction in rank or compensation or removal of such person or groups of persons from said service."

 This provision of law guarantees to Government employees the right to join unions of Government employees and similar organizations as well as the right of presenting their grievances to the Congress or any member of Congress. It is argued by the plaintiff, however, that the right of membership in a union embraces the right of all activities in the union of the type that other unions at times conduct.

The plaintiff urges in support of his contention that activities of the type involved in this case have been held permissible by the courts under the Wagner Act, in connection with employees of private concerns. Counsel for the plaintiff, however, in this connection overlooks the fact that the Wagner Act, 29 U.S. C.A. § 157, in addition to granting to employees the right to form, join, or assist labor organizations, also grants them the right to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. Section 158 provides that it shall be an unfair labor practice for an employer to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in Section 157 of this Title.

On the other hand, 5 U.S.Code Annotated § 652, does not contain any provision corresponding to the broad clause— "to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." The Federal Act relating to Federal employees limits their rights in this respect to membership in the organization and the presentation of grievances to Congress or members of Congress. There is no provision authorizing Government employees to engage in external concerted activities of the nature involved in this action.

It can hardly be said that it was arbitrary or capricious for a Government Department to hold that an activity of the type described here affects the morale of the Department and constitutes conduct tending to bring the Department in disrepute, as well as being conduct unbecoming to a Government employee.

The scope of review by the Court of an administrative action is very narrow. If there is a rational basis for the conclusions reached by the administrative agency and if all requirements of law are complied with, the Court may not step in and substitute its own judgment for that of the administrative agency, although it might be said that if this Court had that authority, it would not change the result. Under the circumstances the plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.